IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RAYMOND EARL PETERSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No. 11-402 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Eddy |
| STEVEN GLUNT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for writ of habeas corpus filed by Raymond Earl Peterson ("Petitioner") be dismissed with respect to his claims against Respondents Rutter, Kearn, O'Barto, Reese, Sneddon, and City of Uniontown ("Uniontown Respondents"), *sua sponte*, because these claims are not cognizable under 28 U.S.C. § 2254. It is further recommended that a certificate of appealability be denied.

### II. REPORT

Petitioner is a state prisoner who has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. In his amended petition, he attempts to bring claims against Uniontown Respondents for alleged violations of his rights under the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. (Doc. 9 at 1-2). Generally, Petitioner alleges that, from December 30, 2007, to December 23, 2008, he was falsely arrested, beaten, and deprived of property on multiple occasions by Uniontown Respondents. Id. at 4-5.

It is well settled that relief available through a writ of habeas corpus is limited. See, e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an

1

attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). *Sua sponte* dismissal of a petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, is proper when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

Here, Petitioner has failed to assert, or even imply, any claims against Uniontown Respondents that would affect the fact or duration of his conviction or sentence. Instead, Petitioner's allegations against them are properly the subject matter of a civil rights claim brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.[1] It is well established that such claims may not be brought pursuant to 28 U.S.C. § 2254. Leamer, 288 F.3d at 542.

Based on the information contained in Petitioner's pleadings, it appears that "no matter what the outcome of [Petitioner's] habeas petition" with respect to Uniontown Respondents, "neither the fact nor the length of his incarceration will be affected." Bronson v. Demming, 56 F. App'x. 551, 553-54 (3d Cir. 2002). Consequently, these Respondents should be dismissed from this habeas petition due to Petitioner's failure to raise a claim against them that is cognizable under 28 U.S.C. § 2254. This dismissal should be without prejudice to Petitioner filing a lawsuit, if appropriate, pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*, or full payment of the applicable filing fee.

Finally, to the extent that Petitioner would require one, a certificate of appealability should be denied because jurists of reason would not find it debatable whether he has stated a

---

[1] This Court makes no comment regarding whether such claims would be meritorious.

cognizable federal habeas claim.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining the standard for the grant of a certificate of appealability where a court does not address petition on the merits but on some procedural basis).

### III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that Uniontown Respondents be dismissed from the instant petition, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this report must be filed by November 28, 2011. Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: November 14, 2011

cc:
**RAYMOND EARL PETERSON**
Gateway Braddock
426 George Street
Braddock, PA 15104